**James E. STINNETT, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. SC–69–MR.**

Supreme Court of Kentucky.

July 1, 1977.

Jack Emory Farley, Public Defender, Joe A. Jarrell, Asst. Public Defender, Frankfort, for appellant.

Robert F. Stephens, Atty. Gen., B. F. Radmacher, III, Asst. Atty. Gen., Frankfort, for appellee.

REED, Chief Justice.

Appellant, James E. Stinnett, was convicted of the offenses of assault in the first degree [KRS 508.010(1)(a)] and attempted assault in the first degree [KRS 508.-010(1)(b)]. He was sentenced to 20 years on the assault charge and 8 years on the attempted assault charge. The trial judge ordered that the sentences be served consecutively.

The Public Defender in this appeal asserts a single ground of error that was not mentioned in the trial court. The ground is that the trial court failed to instruct the jury "on the whole law of the case." The record establishes beyond cavil that the trial court did properly instruct the jury and

also establishes that appellant neither objected to the instructions given nor tendered any instructions to be given.

In our view, this appeal is patently meritless and evidences an unnecessary waste of time and public money.

Appellant and two other men went deer hunting on a wildlife preserve in Breckinridge County. When they came upon a stake-out by conservation officers, shots were exchanged and appellant and Vernon Anderson, a wildlife biologist, were wounded. Appellant's defense was that he had not fired except in self-protection and only then to put out a spotlight that was illuminating him as a target.

■ The State Public Defender's brief filed on behalf of appellant asserts:

"The trial court in its instructions on the case at bar did not authorize a verdict of not guilty by reason that appellant acted in self-protection. In fact, the only mention of self-defense was part (c) of Instruction I and II where it was stated, 'That in so doing he was not privileged to act in self protection (T.R., pp. 49–50).'"

We have carefully examined the instructions given by the trial judge. On the first degree assault charge, the instruction was in pertinent part:

"You will find the defendant, James E. Stinnett, guilty under this instruction if, and only if, you believe from the evidence beyond a reasonable doubt all of the following:

"(a) . . . he inflicted serious physical injury upon Vernon Ray Anderson by shooting him with a shotgun;

"(b) That in so doing:

(i) He intended to cause serious physical injury to Vernon Ray Anderson.

"(c) That in so doing he was not privileged to act in self-protection."

■ As to the attempted assault charge, the trial court instructed the jury that in order to find Stinnett guilty they must believe from the evidence beyond a reasonable doubt that Stinnett fired a loaded shotgun at Jack Monarch, another conservation officer, and that in so doing he intended to cause serious physical injury to Monarch and that in so doing "he was not privileged to act in self-protection."

The trial court defined the terms used in his instructions and the term "self-protection" was precisely delineated by the language recommended in Palmore and Lawson, Kentucky Instructions to Juries, Sec. 10.04. We cannot imagine a situation under which the instructions could have been fairer to the appellant.

The Public Defender's brief acknowledges that RCr 9.54(2) specifically provides that error in the instructions may not be considered on appeal if the complaining party has failed to fairly and adequately present his position to the trial court by an offered instruction or by a motion or unless he makes objection before the trial court instructs the jury stating specifically the matter to which he objects and the ground or grounds of his objection. The Public Defender asserts that we should, nevertheless, review the claimed error in the instructions because it was of constitutional magnitude. The simple answer is there was no error to raise. The instructions were perfectly adequate.

■ Assuming, however, the instructions had been technically erroneous, the recent advice of the Supreme Court of the United States should be heeded. In *Henderson v. Kibbe*, —— U.S. ——, 97 S.Ct. 1730, 52 L.Ed.2d 203 (Decided May 16, 1977), Mr. Justice Stevens, in writing the majority opinion of the Court in which all Justices concurred except the Chief Justice who concurred in the judgment and Mr. Justice Rehnquist who did not participate, stated:

"An appraisal of the significance of an error in the instructions to the jury requires a comparison of the instructions which were actually given with those that should have been given. Orderly procedure requires that the respective adversaries' views as to how the jury should be instructed be presented to the trial judge in time to enable him to deliver an accurate charge and to minimize the risk of committing reversible error. *It is the*

rare case in which an improper instruction will justify reversal of a criminal conviction when no objection has been made in the trial court." (emphasis supplied).

In his opinion concurring in the judgment, the Chief Justice expressed his view that the federal court was precluded from considering collateral relief because the appellant in the case had failed to object to the jury instructions at the time they were given. The Chief Justice stated: "By that failure he waived any claim of constitutional error."

We hold that the instructions properly presented the issues to the jury. We also hold that even if a technical error in the instructions had been presented, it would not have been considered on appeal. This record illustrates the type of situation which prompted the late Learned Hand to remark that the only thing he could commend about the appeal was the temerity of counsel in thinking that it could possibly succeed.

The judgment is affirmed.

All concur.